FRIEDMAN v. COHEN et al.

(Supreme Court, Appellate Term. June 21, 1912.)

JUDGMENT (§ 162*)—DEFAULT—PROCEEDINGS TO OPEN—EVIDENCE—SUFFICIENCY.

　　On proceedings to open a default judgment on a note, defendant making an affidavit that indorsement of his name thereon was a forgery, testimony of one witness that the indorsement was that of defendant was insufficient to charge him; proof of his handwriting, or other evidence tending to show that he indorsed, being necessary.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 319–322; Dec. Dig. § 162.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Friedman against Morris Cohen and another. From an order refusing to open a default, defendant George Laubentracht appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Edward W. Drucker, of New York City, for appellant.
Breitbart & Breitbart, of New York City, for respondent.

PER CURIAM. The pleadings were verified in this case. The plaintiff sued upon a promissory note claimed to have been made by

the defendant Cohen, payable to himself and indorsed by the defendant Laubentracht, and transferred to plaintiff for value. The appellant denies that the indorsement was· made by him.

A default was taken· against the defendants on February ·15, 1911; the attorney for defendant Laubentracht having moved for an adjournment of the trial upon the ground of the illness of his client. Subsequently he moved upon an affidavit setting forth substantially. the same reasons for opening the default as he urged upon his motion for an adjournment, and also containing the positive statement, sworn to by the defendant Laubentracht, that his name indorsed upon the note in suit is a forgery, and was placed there without his knowledge or authority. An affidavit of merits was also filed.

The only testimony given upon the inquest as to the indorsement upon the note of the defendant Laubentracht is as follows:

"Q. I show you this note. Did the defendant indorse that note? A. Yes; this is his indorsement."

This evidence is insufficient to charge the defendant Laubentracht with having indorsed the note. Proof of the defendant's handwriting, or other evidence tending to show that he indorsed the note, should have been given.

Order reversed, and judgment vacated, and a new trial ordered, with costs to appellant to abide the event.